IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

2003 NOV 26  P 2: 15

| | |
|---|---|
| ROVIC, INC., ) | |
|     Plaintiff, ) | Civil Action No. 3:03-cv-0366 (SRU) |
| v. ) | |
| THE BLACK & DECKER CORPORATION, ) | |
|     Defendant. ) | November 25, 2003 |

## MOTION TO SEAL PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Defendant moves the Court to seal the enclosed Opposition, Local Rule 56(a)(2) Statements, Parts I and II, and attached exhibits due to the confidential designation of many facts pursuant to paragraph 3 of The Protective issued by the Court on July 7, 2003 (copy enclosed).

ROVIC INC.

By _____
John C. Linderman (ct04291)
Wm. Tucker Griffith (ct19984)
McCormick, Paulding & Huber LLP
CityPlace II, 185 Asylum Street
Hartford, CT 06103-4102
Tel.: 860-549-5290 - Fax: 860-527-0464
Plaintiff's Attorneys

## Certificate of Service

I hereby certify that on the 25 day of November 2003, a true copy of the foregoing MOTION TO SEAL PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT was served by First Class Mail, postage prepaid to the following counsel:

>Raymond P. Niro, Jr.
>Niro, Scavone, Haller & Niro
>181 West Madison Street - Suite 4600
>Chicago, IL 60602-4515

>Patricia E. Reilly
>TYLER, COOPER & ALCORN
>205 Church Street
>New Haven, Connecticut 06509

By: _____
John C. Linderman

16

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

FILED

2003 JUL -9  A 10: 37

| | |
|---|---|
| RoVic, Inc., | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 3:03-cv-0366 (SRU) |
| | ) |
| v. | ) |
| | ) |
| The Black & Decker Corporation, | ) |
| | ) June 26 2003 |
| Defendant. | ) |

## STIPULATED PROTECTIVE ORDER UNDER FED. R. CIV. P. 26(c)

IT IS HEREBY AGREED AND ORDERED that during the course of this proceeding, if any party or any other person or entity (collectively, "party") provides or is required to disclose what the disclosing party contends is Confidential Information, the following procedure shall be employed:

1. Any document produced by a party containing information deemed Confidential by that party, shall be so identified by the disclosing party by stamping or otherwise clearly marking the same "CONFIDENTIAL." In lieu of so marking the original of any document produced for inspection, a disclosing party may mark the copies that are produced or exchanged for use. Any use of any such document or of the information contained therein shall be covered by the provisions of this Order.

2. A party may designate all or part of a deposition as containing Confidential Information by so indicating on the record during such deposition, in which case the transcript of such deposition shall be clearly marked on the front by the court reporter with the designation "CONFIDENTIAL." Alternatively, a party may designate information disclosed at such deposition as "CONFIDENTIAL" by giving all the parties a written statement, within fifteen (15) business days of the party's receipt of

the transcript, of the specific pages and lines of the transcript which contain Confidential Information. Each party shall then attach a copy of such written statement to the face of the transcript and each copy thereof in its possession, custody or control.

3. All transcripts of depositions, exhibits, answers to interrogatories and other documents filed with the Court which have been designated as comprising or containing Confidential Information, or any pleading, motion or memorandum including such Confidential Information or the substance thereof, shall be filed with the Clerk of the Court in sealed envelopes or other appropriate sealed containers on which shall be endorsed the title of this proceeding, an indication of the nature of the contents of such sealed envelope or other container, the legend stating "CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER" and a statement substantially in the following form:

> This envelope contains documents filed in this case by [name] and is not to be opened nor the contents thereof to be displayed, copied or revealed except by Court Order or by agreement of the parties.

4. The following definitions shall be applicable:

(a) The term "Trial Counsel" shall refer only to: (i) the attorneys and staff of McCormick, Paulding & Huber LLP who are charged with the responsibility for and actively engaged in trial preparation for this case on behalf of Plaintiff; and (ii) the attorneys and staff of Niro, Scavone, Haller & Niro and Tyler, Cooper & Alcorn who are charged with the responsibility for and actively engaged in trial preparation for this case on behalf of Defendant.

(b) The term "In-House Counsel" shall refer only to in-house attorneys employed by either of the parties.

2

(c)     The term "Expert" shall refer to any person retained for the purpose of providing expert witness testimony in this case and any person with whom Trial Counsel may deem it necessary to consult for the preparation or trial of this case, but the term "Expert" shall not include any employee, licensee, consultant, officer or agent of a party except by agreement of the parties hereto.

5.    All information received by Trial Counsel in this proceeding that is designated by the disclosing party as containing or comprising Confidential Information shall be used only in conjunction with this Civil Action, shall be retained in secrecy by Trial Counsel of the receiving party (hereinafter "the receiving Trial Counsel"), shall not be disclosed to any other representative, employee, agent, licensee, consultant, officer or director of the receiving party, and shall not be disclosed to any person, except as provided herein.  Solely for the purpose of this proceeding, and for no other purpose whatsoever, including use of Confidential Information received pursuant to this Paragraph to seek a competitive advantage over the opposing party, any such Confidential Information may be disclosed by the receiving Trial Counsel to the following persons associated with the receiving party: (a) no more than two In-House Counsel; and (b) Experts retained for the purpose of providing expert witness testimony in this Civil Action or requested by the receiving Trial Counsel to assist in the preparation of this Civil Action for trial.

6.    Prior to the disclosure of Confidential Information to any In-House Counsel or Expert identified in Paragraph 5, the receiving Trial Counsel shall identify (by name, address and position) such persons, in writing.  Any Experts named shall provide a recent resume to the disclosing party.  Each such In-House Counsel or Expert to whom disclosure of an adverse party's Confidential Information is to be made shall, in a written assurance generally in the form of the Acknowledgement attached hereto as

3

Exhibit A, delivered to Trial Counsel for the party designating the information as "CONFIDENTIAL" (hereinafter "the designating Trial Counsel") at least two weeks before disclosure is made to such In-House Counsel or Expert, acknowledge that he or she has read and is fully familiar with the terms of this Order and agrees to comply with and be bound by its terms, unless and until he or she is relieved thereof by further order of the Court. If the designating Trial Counsel has any reason to believe that disclosure of Confidential Information to any In-House Counsel or Expert identified would create a risk of disclosure or improper use of the Confidential Information, the designating Trial Counsel shall have ten (10) business days in which to object, in writing, specifying the reasons for all such objections. Thereafter, the receiving Trial Counsel shall not disclose any Confidential Information to that person without first obtaining either the consent of the designating Trial Counsel or an order of the Court permitting such disclosure.

7. The parties will use reasonable care to avoid designating any document or information as "CONFIDENTIAL" that has been published or can be otherwise shown to be in the public domain. If a party receiving information or documents designated "CONFIDENTIAL" believes such information or documents do not comprise or contain Confidential Information, the receiving Trial Counsel shall notify the designating Trial Counsel of its desire to consider such information or documents as nonconfidential. In the event no objection to such designation is made by the designating Trial Counsel within fifteen (15) business days of such notification or in the event that the nonconfidential designation is granted by the Court pursuant to Paragraph 9(a) hereof, the receiving party shall have the right to treat such information or documents as nonconfidential.

8.  This Order is not intended to deal with any discovery objections on the grounds of attorney-client privilege or work product immunity, or to preclude any party from seeking relief either from a provision of this Order or any other relief from this Court which may be appropriate under the Federal Rules of Civil Procedure. Inadvertent production of documents subject to the attorney-client privilege or the work product immunity shall not constitute a waiver of the privilege, provided that the producing party shall promptly notify the receiving party, in writing, of such inadvertent production. If prompt notification is made and the producing party establishes the circumstances surrounding the document's inadvertent production, such inadvertently produced document and all copies thereof shall be returned to the producing party or destroyed, upon request.

9.  (a)  This Order shall be without prejudice to any party bringing before the Court at any time the question of whether any particular information is or is not, in fact, Confidential. In the event of any such dispute, the parties shall first try to resolve such dispute in good faith on an informal basis. Upon a hearing or motion on such dispute, the party asserting confidentiality shall have the burden of proving same.

(b)  This Order shall be without prejudice to the right of any party to oppose production of any information for any reasons other than confidentiality, or to seek modification by the Court of any of the terms of this Order.

10.  Within sixty (60) days following the conclusion of this proceeding, by judgment, appeal or otherwise, all documents and materials furnished by another party and designated "CONFIDENTIAL" by the disclosing party, shall either be destroyed or returned to the disclosing party along with all copies thereof, except that Trial Counsel may retain one set of all papers filed in this proceeding which contain Confidential

Information furnished by other parties, which papers shall remain subject to the requirements of Paragraph 5 hereof.

11. Nothing in this Order shall bar or otherwise restrict any attorney herein from rendering advice to his or her client with respect to this proceeding and, in the course thereof, referring to or relying in a general way upon his or her examination of Confidential Information produced or exchanged herein; provided, however, that in rendering such advice and in otherwise communicating with the client, the attorney shall not disclose the contents of or the source of any Confidential Information produced by another party herein.

SO ORDERED BY THE COURT:

Dated: July 7, 2003

Hon. Stefan R. Underhill
United States District Judge

Agreed by the Parties through Their Respective Counsel:

ROVIC, INC.,
Plaintiff

Dated: June 18, 2003        By: _____
                            John C. Linderman (ct 04291)
                            Wm. Tucker Griffith (ct 19984)
                            McCormick, Paulding & Huber LLP
                            CityPlace II, 18th Floor
                            185 Asylum Street
                            Hartford, CT 06103-4102
                            Tel. (860) 549-5290
                            Fax (860) 527-0464

                            Attorneys for Plaintiff

THE BLACK & DECKER CORPORATION,
Defendant

Dated: June 19, 2003        By: _____
                            Raymond P. Niro
                            Raymond P. Niro, Jr.
                            Paul C. Gibbons
                            Niro, Scavone, Haller & Niro
                            181 W. Madison Street, Suite 4600
                            Chicago, IL 60602
                            Tel. (312) 236-0733
                            Fax (312) 236-3137

-and-

Dated: June 26, 2003        By: _____
                            Patricia E. Reilly (ct 08352)
                            Tyler, Cooper & Alcorn
                            205 Church Street
                            New Haven, CT 06509
                            Tel. (203) 784-8200
                            Fax (203) 586-7865

                            Attorneys for Defendant

7