# NIRO, SCAVONE, HALLER & NIRO

RAYMOND P. NIRO
THOMAS G. SCAVONE
TIMOTHY J. HALLER
WILLIAM L. NIRO
JOSEPH N. HOSTENY, III
ROBERT A. VITALE, JR.
JOHN C. JANKA
PAUL K. VICKREY
DEAN D. NIRO
RAYMOND P. NIRO, JR.
PATRICK F. SOLON
ARTHUR A. GASEY
CHRISTOPHER J. LEE
DAVID J. SHEIKH
VASILIOS D. DOSSAS

181 WEST MADISON STREET- SUITE 4600

CHICAGO, ILLINOIS 60602-4805

TELEPHONE (312) 236-0733

FACSIMILE (312) 236-3137

ROBERT P. GREENSPOON
SALLY WIGGINS
RICHARD B. MEGLEY, JR.
MATTHEW G. McANDREWS
PAUL C. GIBBONS
WILLIAM W. FLACHSBART
BRADY J. FULTON
GREGORY P. CASIMER
DOUGLAS M. HALL
DINA M. HAYES
FREDERICK C. LANEY
DAVID J. MAHALEK
KARA L. SZPONDOWSKI
ROBERT A. CONLEY

November 11, 2004

Hon. Stefan R. Underhill
United States District Judge
District of Connecticut
915 Lafayette Boulevard
Bridgeport, Connecticut 06604

    Re:    RoVic, Inc. v. The Black & Decker Corp.
            Civil Action No. 3:03-cv-0366-SRU

Dear Judge Underhill:

    Black & Decker respectfully submits this letter addressing two issues raised in RoVic's letter to the Court of November 10, 2004.

    1.    RoVic states that "the parties have not been able to agree on terms of a settlement agreement." This is not correct. With the assistance and supervision of Magistrate Judge Garfinkel during the 4-1/2 hour October 26, 2004 settlement conference, the parties agreed upon all material terms of settlement. This oral agreement is binding and enforceable:

> An oral agreement to settle the claims asserted by [plaintiff] is enforceable under federal law. Where a plaintiff knowingly and voluntarily agrees to settle his claims, he is bound by his agreement.

Lyles v. Commercial Lovelace Motor Freight, Inc., 684 F.2d 501, 504 (7th Cir. 1982) (citations omitted); Vari-O-Matic Mach. Corp. v. New York Sewing Mach. Corp., 629 F.Supp. 257, 258-59 (S.D.N.Y. 1986) ("Failure to complete the formal stipulation papers does not mean that a settlement was not in fact reached."); Taylor v. Gordon Flesch Co., Inc., 793 F.2d 858, 862 (7th Cir. 1986) (an oral settlement was binding and enforceable even though written drafts of the verbal agreement differed).

Hon. Stefan R. Underhill
November 11, 2004
Page 2

In the case before this Court, there is no question that an agreement for settlement has been consummated. RoVic is now improperly attempting to change those terms in the formal written settlement documents. See e.g., Glass v. Rock Island Refining Corp., 788 F.2d 450, 454-55 (7th Cir. 1986) (under federal law, a party to an oral settlement agreement "cannot avoid the agreement merely because he subsequently believes the settlement insufficient ..."). Unfortunately, it appears that the parties will need to request a hearing or conference call with Magistrate Judge Garfinkel to confirm the settlement terms which were agreed upon on October 26, 2004.

2. RoVic's letter also claims that "Black & Decker has been contacted about this matter, but no response has been received." In fact, Black & Decker's counsel Mr. Niro specifically agreed with Mr. Linderman (during a phone call on November 4) that the dismissal deadline should be moved to November 26 instead of November 13. Mr. Niro even revised the formal written settlement sent to Mr. Linderman on November 8 to reflect that the date for dismissal should be no later than November 26, 2004. It is inconceivable that RoVic would represent to this Court that it received "no response" from Black & Decker about changing the dismissal date to November 26.

Black & Decker is available for a hearing or telephone conference at the Court's convenience. We appreciate the Court's attention to this matter.

Respectfully submitted,

Raymond P. Niro, Jr.
Attorney for Black & Decker

RPNjr/sls
cc: Honorable William I. Garfinkel
    John C. Linderman (fax: 860/527-0464)
    Patricia E. Reilly