# MP&H  McCormick, Paulding & Huber LLP
*Intellectual Property Law*

Offices in
Hartford, CT and
Springfield, MA

*From the desk of*
John C. Linderman
lind@ip-lawyers.com
Tel.: 860-549-5290
Fax: 860-527-0464

CityPlace II
185 Asylum Street
Hartford, CT
06103-3402
www.IP-Lawyers.com

John C. Linderman*✝
J. Kevin Grogan*✝
Arthur F. Dionne*✝
Richard R. Michaud*
Marina F. Cunningham*
Richard D. Getz*
Daniel G. Mackas*
Nicholas J. Tuccillo*
Wm. Tucker Griffith*
Donald J. MacDonald✝
Kevin H. Vanderleeden✝
Wayne R. Grohs*
Andrea C. Walsh
Jeanne M. Tanner*
John A. Kramer✝
*Admitted in CT
✝Admitted in MA

*Practice Development*
John T. Duffy, Esq.

*Of Counsel*
Donald K. Huber*
John C. Hilton*
Frederick J. Haesche*
Chester E. Flavin✝
William C. Crutcher*
John J. Dempsey

CONFIRMATION

November 15, 2004

**Via facsimile and First Class Mail**
Hon. Stefan R. Underhill
United States District Judge
District of Connecticut
915 Lafayette Boulevard
Bridgeport, Connecticut 06604

　　　　Re:　RoVic, Inc. v. The Black & Decker Corp.
　　　　　　Civil Action No. 3:03-cv-0366-SRU

To The Honorable Judge Underhill:

　　With regard to the Black & Decker letter of November 11, 2004, which alleges that "RoVic is now improperly attempting to change those terms in the formal written settlement documents", RoVic denies the allegation. In fact, it is Black & Decker that is demanding terms that were not part of the basic settlement terms agreed to on October 26, 2004. As a consequence, the parties have not managed to memorialize the settlement in a written Settlement Agreement as stated in my letter of November 10, 2004. To be clear, RoVic, Inc. has no intention of abandoning the basic settlement terms that were reached on October 26, 2004.

　　In view of the above, RoVic, Inc. would welcome and, in fact, requests the further assistance of Judge William Garfinkel in resolving the issues which remain in consummating a written Settlement Agreement.

　　Since the time frame for finalizing a Settlement Agreement is uncertain, RoVic also requests that the date for dismissal of the case be postponed until Judge Garfinkel confirms that the written Settlement Agreement between the parties has been consummated.

　　With regard to Black & Decker's claim that they had approved the request to extend the dismissal deadline to November 26, 2004, it was unclear to me that in the conversation of November 4, 2004, Mr. Niro consented to the extension. At the time he stated he was unfamiliar with the Court's Order, but he thought that the extension would be proper. No agreement was reached that would have allowed me to submit a letter on behalf of both parties consenting to the extension. My previous request by phone and in writing to local counsel, Attorney Reilly, was never answered. Certainly,

Hon. Stefan R. Underhill
November 15, 2004
Page 2

it would have been entirely to RoVic's benefit if I had been able to confirm Black & Decker's consent in my letter of November 10, 2004. If I misconstrued Mr. Niro's statements on November 4 as less than a definitive consent to the extension, it was unintentional.

       Very truly yours,

       **McCormick, Paulding & Huber LLP**

       By *[signature]*

JCL:jef

cc: Magistrate Judge William I. Garfinkel,
   Atty. Raymond P. Niro, Jr.
   Atty. Patricia Reilly